UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LIZA SQUELLATI | ) |
| Plaintiff, | ) Case: 1:24-cv-01150 |
| v. | ) |
| QUINCY EXACT SOULTIONS, LLC | ) |
| And | ) Jury Trial Demanded |
| TEAM COMPANY d/b/a STAFFQUICK, | ) |
| Defendants. | |

## COMPLAINT

Plaintiff, Liza Squellati ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Quincy Exact Solutions, LLC and Team Company d/b/a StaffQuick (collectively "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants' discrimination on the basis of Plaintiff's disability and Defendants' retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. Charges of employment discrimination on basis of disability and retaliatory discharge were filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received Notices of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Liza Squellati, resided in Livingston County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Plaintiff was employed and worked at Defendant Quincy Exact Solutions, LLC, ("Quincy Exact Solutions") which is a limited liability company doing business in and for Livingston County whose address is 1000 South Deerfield Road, Pontiac, Illinois 61746.

9. At all times material to the allegations in this Complaint, Defendant Team Company d/b/a StaffQuick ("StaffQuick"), was a corporation doing business in and for Livingston County whose address is 1000 South Deerfield Road, Pontiac, Illinois 61746.

10. Plaintiff was employed by Defendants as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

11. During the applicable limitations period, Defendants have had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

12. At all relevant times, Defendants, Quincy Exact Solutions, LLC and Team Company d/b/a StaffQuick, have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## BACKGROUND FACTS

13. Plaintiff worked for Defendants as a Production Member from on or about August 5, 2023, until her unlawful termination on or around December 26, 2023.

14. The essential functions of Plaintiff's job included but were not limited to:

- Counting inventory;
- Placing packages into respective boxes; and
- Working on and with the conveyor belt.

15. Plaintiff suffered from a physical impairment that substantially limits major life activities.

16. Regardless of her disability, Plaintiff was qualified to perform and performed the essential functions of the job with or without accommodations.

17. For the entire duration of Plaintiff's employment, Plaintiff met or exceeded Defendants' performance expectations.

18. Plaintiff is a "qualified individual" as defined under the ADA.

19. In or around August 2023, Plaintiff developed a physical disability where she was consistently lightheaded, dehydration, dizzy, and, at times, experienced hallucinations.

20. Soon thereafter, this disability was heightened by an injury she suffered at work.

21. Defendant Quincy Exact Solutions filed an incident report and Plaintiff sought

outside treatment for the injury.

22. In or around September 2023, Plaintiff suffered from a severe flare-up as a result of her disability where she passed for the first time and subsequently admitted to the Emergency Room.

23. Due to this flare up, Plaintiff sought reasonable disability accommodations with Defendant Quincy Exact Solutions required her to present physician-approved accommodations through a doctor's note.

24. Plaintiff secured a doctor's note that detailed how her disability requires frequent breaks among other accommodations.

25. These approved accommodations originally resulted in Plaintiff being able to take frequent, five-minute water and/or restroom breaks due to the serious gravity of her disability-related symptoms.

26. Plaintiff began to utilize these accommodations which resulted in the five-minute water and/or restroom break once every hour.

27. On or around December 26, 2023, Plaintiff was at most a few seconds late to return to her work station as she was partaking in her approved short five-minute break that served as a part of an accommodation.

28. Additionally, Plaintiff failed to notify the line lead before she left on her approved, short break.

29. Unfortunately, Defendant Quincy Exact Solutions elected to retaliate against Plaintiff and terminate her on these grounds, despite it being common for non-disabled employees to return late to work and before this buzzer.

4

30. Plaintiff was treated less favorably than non-disabled similarly situated employees outside of Plaintiff's protected class.

31. Instead of engaging in the interactive process and truly allowing Plaintiff to utilize approved accommodations, proven by the work injury and doctor's note, Defendant Quincy Exact Solutions chose to terminate Plaintiff on the basis of her disability.

32. Furthermore, Defendant Quincy Exact Solutions failed to engage in the interactive process as they did not determine appropriate accommodation required by the ADA.

33. Moreover, Defendant StaffQuick was more than unhelpful in their procedure after Plaintiff detailed the unfair and unlawful actions that she was subjected to by Defendant Quincy Exact Solutions.

34. Defendant StaffQuick, a staffing agency, failed to offer Plaintiff any other employment opportunities after her time with Defendant Quincy Exact Solutions.

35. Defendant Quincy Exact Solutions failed to accommodate Plaintiff's disability and effectively denied her request for reasonable accommodation, despite Plaintiff's reasonable request for breaks and the ability to actually utilize them.

36. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendants perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

37. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act

of 1990, 42 U.S.C. §12101, *et seq*.

39. Plaintiff met or exceeded performance expectations.

40. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

41. Defendant Quincy Exact Solutions terminated Plaintiff's employment on the basis of Plaintiff's disability.

42. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

43. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

44. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

45. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

46. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

47. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

48. During Plaintiff's employment with Defendants, Plaintiff utilized approved accommodations.

49. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

50. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff utilizing approved accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

51. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

52. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of April, 2024.

                                                    */s/ Chad W. Eisenback*
                                                  **CHAD W. EISENBACK, ESQ.**
                                                  IL Bar No.: 6340657
                                                 **SULAIMAN LAW GROUP LTD.**
                                                  2500 S. Highland Avenue, Suite 200
                                                 Lombard, Illinois 60148
                                                 Phone (331) 307 - 7632
                                                 Fax (630) 575 - 8188
                                                 ceisenback@sulaimanlaw.com
                                                 *Attorney for Plaintiff*